## In re WAXELBAUM.

(District Court, S. D. New York. November 18, 1899.)

BANKRUPTCY—JURISDICTION—PROOF OF RESIDENCE.

Where the allegation of a voluntary petition in bankruptcy as to the residence of the proposed bankrupt within the district is contested, and it is shown that, until a few years before, he resided and did business in another state, that he is still in the employ of a business firm in that state, and that he spends part of his time in the one state and part in the other, the burden is on the petitioner to prove his alleged change of residence by satisfactory evidence.

In Bankruptcy. On motion to set aside an adjudication in voluntary bankruptcy and dismiss the petition.

Joseph Fried, for the motion.
H. Joseph and Arthur Furber, for bankrupt.

BROWN, District Judge. The bankrupt's voluntary petition was filed on April 14, 1899, stating that he had had no place of business in the city of New York or elsewhere during the six months preceding, but that he resides at 119 East Forty-Seventh street within this county, and has resided there for the greater part of the six months next immediately preceding. Adjudication as a bankrupt followed, and a reference to a referee, before whom considerable testimony was taken, as well as testimony by commission in Macon, Ga., tending to show that the defendant was not a resident within this county, as alleged. The direct testimony of the witnesses on this point is very conflicting. The bankrupt is unmarried. Until a few years ago he was in business at Macon on his own account, and resided with his mother there. He is still in the employ of

a business firm in Macon, for which he has a general power of attorney, spending his time partly in Georgia, and partly in New York. He testifies that for three years past his residence has been here.

The burden of proof is upon him to show satisfactorily the alleged change of residence. I agree with the referee's report, that with this burden of proof upon him, and in the conflict in the testimony of witnesses, the fact that the bankrupt registered his name as a voter at Macon in the spring of 1898, and that his poll tax of one dollar was regularly paid there until the following autumn, should prevent finding any such change of residence as to authorize bankruptcy proceedings within this district.

The petition is, therefore, dismissed.